UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAWANA JEFFER WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-01703 (UNA) |
| | ) | |
| U.S. BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP application, and for the reasons explained below, it dismisses this case without prejudice.

Plaintiff, a resident of the District, sues Defendant U.S. Bank. The Complaint is blank, and merely refers, without any explanation, to documents attached as exhibits, ECF Nos. 1-1, 1-2, in contravention of D.C. Local Civil Rules 5.1(e), (g). The attached exhibits are copies of submissions filed in D.C. Superior Court and the D.C. Court of Appeals related to *Williams v. U.S. Bank* ("*Williams I*"), No. 2024-CAB-003333, and the associated appeal No. 24-cv-1074, *see id.*, as well as apparent attempts to appeal *Williams I* to the U.S. Court of Appeals for the D.C. Circuit, which of course is not the proper forum for such an appeal, *see* DCCA Rules 3, 4.

First, Plaintiff's Complaint fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). Here, as presented, neither the Court nor Defendant can reasonably

be expected to identify Plaintiff's intended claims, nor has Plaintiff established this Court's subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Second, insofar as Plaintiff attempts to relitigate *Williams I* by essentially "copying and pasting" it in this District, he may not do so. Federal courts are generally prohibited from reviewing determinations made by local District of Columbia courts, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Feldman*, 460 U.S. at 486. And to the extent that Plaintiff indeed filed anything with the D.C. Circuit, this Court is similarly prohibited from revisiting the decisions of other federal courts. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (holding that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts").

For all of these reasons, the case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: August 21, 2025                    _____/s/_____
                                          JIA M. COBB
                                          United States District Judge